IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MATTHEW JOHN THOMPSON,

    Plaintiff,

v.                                      CASE NO.  4:13cv501-RH/CAS

L. FLOWERS,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

This is a prisoner civil-rights case.  The plaintiff Matthew John Thompson, an inmate at Liberty Correctional Institution, alleges that the defendant L. Flowers, the facility's mailroom supervisor, willfully opened Mr. Thompson's legal mail on at least two occasions.  Mr. Thompson alleges that Ms. Flowers threatened to retaliate against him for filing grievances.

Ms. Flowers has moved to dismiss the complaint for failure to exhaust administrative remedies and failure to state a claim on which relief can be granted. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 23, and the objections, ECF Nos. 24 and 25.  I have reviewed *de novo* the issues raised by the objections.

In this circuit, failure to exhaust is treated as a matter in abatement, properly raised by a motion to dismiss. *See Bryant v. Rich*, 530 F.3d 1368, 1375-76 (11th Cir. 2008). A district court may properly consider evidence on such a motion to dismiss. The burden of proof is on the defendant. *See Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008).

Here the evidence establishes that Mr. Thompson properly exhausted the mail-opening claim. Indeed, Ms. Flowers acknowledges this.

The evidence also establishes that Mr. Thompson properly exhausted his retaliation claim. He did this by submitting a grievance of reprisal directly to the office of the Secretary of the Department of Corrections. The governing rules allow a grievance of reprisal and allow it to be submitted directly to the Secretary. The rules define this as a "grievance submitted by an inmate alleging that staff have taken or are threatening to take retaliatory action against the inmate for good faith participation in the inmate grievance procedure." Fla. Admin. Code r. 33-103.002(9) (2012). This is precisely what Mr. Thompson alleged in his grievance of reprisal. The assertion that Mr. Thompson did not state clearly enough why he was submitting the grievance directly to the Secretary, thus bypassing the institutional staff, demands too much precision or detail. A reasonable inference from Mr. Thompson's grievance is that he had been threatened with unconstitutional mistreatment by the institutional staff and wished to avoid the

mistreatment—the very reason the rules allow a prisoner to file a grievance of reprisal directly with the Secretary.

On the merits, the report and recommendation has it just right. Opening an inmate's legal mail outside his presence and without a reason may be unconstitutional even aside from any demonstrable effect on a current legal proceeding. Mr. Thompson has not alleged facts that would entitle him to recover actual or punitive damages on this claim, but he may be able to recover nominal damages and injunctive relief against Ms. Flowers. The Eleventh Amendment does not bar such relief.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted in part. The motion to dismiss, ECF No. 15, is granted in part. Mr. Thompson's claims for actual and punitive damages are dismissed. Mr. Thompson's claims for nominal damages and injunctive relief remain pending. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b). The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on March 14, 2015.

                                      s/Robert L. Hinkle
                                      United States District Judge